IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN REYES,

    Petitioner,

v.                                                           No. 23-cv-0724-DHU-LF

GEORGE STEPHENSON, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Ruben Reyes' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Reyes challenges his state convictions based on, inter alia, ineffective assistance by counsel and due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Reyes to show cause why the Petition should not be dismissed for failure to file within the one-year habeas limitation period.

### BACKGROUND

    The following procedural history is taken from Reyes' state criminal dockets, which are subject to judicial notice. *See* Case No. D-307-CR-2003-1128; A-1-CA-25353; S-1-SC-30179; S-1-SC-30753; S-1-SC-31870; S-1-SC-33547; and S-1-SC-39983; *see also United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"). The procedural history is complex, as Reyes prosecuted at least five state appeals, and the state appellate courts reversed/remanded on multiple occasions.

In 2004, a jury convicted Reyes of kidnapping, two counts of aggravated battery causing great bodily harm, aggravated battery with a deadly weapon, two counts of criminal sexual penetration, and bribery of a witness. *See* Doc. 1 at 1-2; Memorandum Opinion entered December 22, 2006, in A-1-CA-25353. The state trial court initially sentenced Reyes to 40 years imprisonment, followed by a term of parole. *See* Judgment entered October 21, 2004, in D-307-CR-2003-1128. Reyes filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed, in part. *See* Memorandum Opinion entered December 22, 2006, in A-1-CA-25353. The NMCA vacated the conviction for one count of aggravated battery causing great bodily harm and affirmed the remaining convictions. *Id.* Reyes sought further review with the New Mexico Supreme Court (NMSC), which denied certiorari on January 24, 2007. *See* Order Denying Cert. Pet. in S-1-SC-30179.

The state trial court entered its Amended Judgment pursuant to the NMCA remand on June 19, 2007. *See* Amended Judgment in D-307-CR-2003-1128. Reyes was resentenced to 51 years imprisonment; however, the state trial court suspended 11 years of the sentence, such that the total time served in prison is 40 years. *Id.* The state docket reflects that Reyes did not file a direct appeal following entry of the Amended Judgment. Instead, he filed a motion to reconsider and a state habeas petition. *See* Motion for Reconsideration of Sentence filed July 12, 2007, and Petition for Writ of Habeas Corpus filed July 27, 2007, in D-307-CR-2003-1128. The state trial court declined to reconsider the sentence by an Order entered October 4, 2007, and dismissed the habeas petition by an Order entered October 12, 2007. *See* Order Denying, Order of Summary Dismissal in D-307-CR-2003-1128. Reyes filed a direct habeas appeal to the NMSC, which denied certiorari relief on December 4, 2007. *See* Supreme Court Order Re: Ruben Reyes, Petition for Writ of

Certiorari Denied in D-307-CR-2003-1128.[1]

The state docket reflects there were no additional criminal filings until January 8, 2009, when Reyes filed another state habeas petition. *See* Petition for Writ of Habeas Corpus in D-307-CR-2003-1128. The state trial court initially dismissed the petition, but the NMSC remanded the matter to conduct an evidentiary hearing on Reyes' claim for ineffective assistance of counsel. *See* Writ of Certiorari in S-1-SC-31870. The state trial court conducted an evidentiary hearing as directed and dismissed the habeas claims on December 10, 2010. *See* Order of Dismissal in D-307-CR-2003-1128. Reyes initially failed to appeal that ruling. However, he sought leave to file an out-of-time state habeas appeal in 2012, which the NMSC denied. *See* Order Denying Request entered April 23, 2012, in S-1-SC-33547.

Over ten years passed without additional activity in the state criminal case. *See* Docket Sheet in D-307-CR-2003-1128. Reyes filed another state habeas petition in 2023, which was summarily dismissed. *See* Order of Dismissal filed May 2, 2023, in D-307-CR-2003-1128. The NMSC denied certiorari relief on July 26, 2023. *See* Order Denying Cert. Petition in S-1-SC-39983.

Reyes filed the instant, federal § 2254 Petition on August 28, 2023. *See* Doc. 1. He alleges counsel was ineffective for various reasons: he did not receive due process during his trial; and crucial witnesses did not testify. Reyes paid the $5.00 habeas filing fee, and the matter is

---

[1] While the state trial docket reflects the NMSC denied certiorari relief on December 4, 2007, the NMSC docket reflects the NMSC actually entered its order on November 29, 2007. *Compare* Supreme Court Order Re: Ruben Reyes, Petition for Writ of Certiorari Denied filed December 4, 2007, in D-307-CR-2003-1128 *with* Order Denying Cert. Petition filed November 29, 2007, in S-1-SC-30753. The Court will calculate the one-year limitation period based on the later of the two dates (December 4, 2007), as this method benefits Reyes but does not ultimately change the analysis with respect to the time-bar.

ready for initial review under Habeas Corpus Rule 4.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Generally, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing that he diligently pursued his federal claims and that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired).

As noted above, the state trial court entered an Order on October 4, 2007, declining to

4

reconsider its resentencing judgment, and Reyes did not file a direct appeal of the Amended Judgment. The Amended Judgment therefore became final no later than November 6, 2007, the first business day after expiration of the thirty-day direct appeal period following the denial of the motion to reconsider. *See Locke,* 237 F.3d at 1272; NMRA, Rule 12-501 Rule 1-006(A)(1)(c) (when the 30-day state appeal period falls on a weekend, the period expires at the end of the next business day). The one-year limitation period did not immediately begin running, however, because the Amended Judgment became final while a concurrent state habeas proceeding was still pending. That state habeas proceeding remained pending (and the one-year limitation period was tolled) through December 4, 2007, when the NMSC denied certiorari. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of tolling under § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review").

"The next day [December 5, 2007] statutory tolling ceased," and the "time for filing a federal habeas petition [*i.e.,* one year] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing habeas tolling calculations). The state docket reflects there was no additional tolling activity during the next year. The one-year limitation period therefore appears to have expired no later than December 5, 2008. Any post-conviction motions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction

5

relief were not filed until after ... the end of the limitations period.").[2]  Moreover, even if Reyes could obtain tolling during the pendency of later habeas petitions, it would not account for the fact that over a decade passed with no filings between 2012 and 2023.

For all of these reasons, Reyes shall show cause in writing why the Petition should not dismissed as time-barred.  The show-cause response is due within thirty (30) days of entry of this ruling.  The failure to timely respond and overcome the time-bar may result in dismissal of the habeas action without further notice.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*…  [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** within thirty (30) days of entry of this Order, Reyes must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
Laura Fashing
United States Magistrate Judge

---

[2] The Supreme Court created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here.  Although the NMSC remanded an ineffective assistance of counsel claim after the Amended Judgment became final, Reyes ultimately did not prevail on that claim, and his direct appeal period was never reopened.