**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RUBEN REYES,

Petitioner,

v. No. 23-cv-0724-DHU-LF

GEORGE STEPHENSON, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Ruben Reyes' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Petitioner challenges his 2004 state convictions based on, inter alia, ineffective assistance by counsel and due process violations. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as time-barred. Having reviewed his arguments, and because Petitioner filed this case over a decade after the expiration of the federal limitation period, the Court will dismiss the Petition.

**BACKGROUND**

The background facts are taken from the Petition (Doc. 1) and Petitioner's state criminal dockets, which are subject to judicial notice. *See* Case No. D-307-CR-2003-1128; A-1-CA-25353; S-1-SC-30179; S-1-SC-30753; S-1-SC-31870; S-1-SC-33547; and S-1-SC-39983. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm

the date that each [state] motion was filed").

In 2004, a state jury convicted Petitioner of kidnapping, two counts of aggravated battery causing great bodily harm, aggravated battery with a deadly weapon, two counts of criminal sexual penetration, and bribery of a witness. *See* Doc. 1 at 1-2; Memorandum Opinion entered December 22, 2006 in A-1-CA-25353. The state trial court initially sentenced Petitioner to 40 years imprisonment, followed by a term of parole. *See* Judgment entered October 21, 2004 in D-307-CR-2003-1128. Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed, in part. *See* Memorandum Opinion entered December 22, 2006 in A-1-CA-25353. The NMCA vacated one of the aggravated battery convictions and affirmed the remaining convictions. *Id.* Petitioner sought further review with the New Mexico Supreme Court (NMSC), which denied certiorari relief on January 24, 2007. *See* Order Denying Cert. Pet. in S-1-SC-30179.

The state trial court entered its Amended Judgment pursuant to the NMCA remand on June 19, 2007. *See* Amended Judgment in D-307-CR-2003-1128. Petitioner was resentenced to 51 imprisonment; however, the state trial court suspended 11 years of the sentence, such that the total time served in prison is still 40 years. *Id.* The state docket reflects that Petitioner did not file a direct appeal following entry of the Amended Judgment. Instead, he filed a motion to reconsider and a state habeas petition. *See* Motion for Reconsideration of Sentence filed July 12, 2007 and Petition for Writ of Habeas Corpus filed July 27, 2007 in D-307-CR-2003-1128. The state trial court declined to reconsider the sentence by an Order entered October 4, 2007 and dismissed the habeas petition by an Order entered October 12, 2007. *See* Orders in D-307-CR-2003-1128. Petitioner filed a habeas appeal with the NMSC, which denied certiorari relief on December 4, 2007. *See* Supreme Court Order Re: Petition for Writ of Certiorari Denied in D-307-CR-2003-1128.

The state docket reflects there were no additional criminal filings until January 8, 2009, when Petitioner filed another state habeas petition. *See* Petition for Writ of Habeas Corpus in D-307-CR-2003-1128. The state trial court initially dismissed the petition, but the NMSC remanded the matter to conduct an evidentiary hearing on Petitioner's claim for ineffective assistance of counsel. *See* Writ of Certiorari in S-1-SC-31870. The state trial court conducted an evidentiary hearing as directed and dismissed the habeas claims on December 10, 2010. *See* Order of Dismissal in D-307-CR-2003-1128. Petitioner initially failed to appeal that ruling. However, he sought leave to file an out of time state habeas appeal in 2012, which the NMSC denied. *See* Order Denying Request entered April 23, 2012 in S-1-SC-33547.

Over ten years passed without additional activity in the state criminal case. *See* Docket Sheet in D-307-CR-2003-1128. Petitioner filed another state habeas petition in 2023, which was summarily dismissed. *See* Order of Dismissal filed May 2, 2023 in D-307-CR-2003-1128. The NMSC denied certiorari relief on July 26, 2023. *See* Order Denying Cert. Petition in S-1-SC-39983.

Petitioner filed the instant, federal § 2254 proceeding on August 28, 2023. *See* Doc. 1. He alleges counsel was ineffective for various reasons; he did not receive due process during his trial; and certain witnesses did not testify. By a ruling entered April 15, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined the claims are plainly time-barred. *See* Doc. 3 (Screening Ruling); *Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Court permitted Petitioner to show cause, if any, why the Petition should not be dismissed as untimely. Petitioner filed a Response (Doc. 4), and the matter is ready for review.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the Amended Judgment became final no later than November 6, 2007, the first business day after expiration of the thirty-day direct appeal period following the denial of the motion to reconsider sentence. *See Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001) (a judgment becomes final after expiration of the state appeal period); NMRA, Rule 12-501 Rule 1-006(A)(1)(c) (when the 30-day state appeal period falls on a weekend, the period expires at the end of the next business day). The federal limitation period did not immediately begin running, however, because the Amended Judgment became final while a concurrent state habeas proceeding was still pending. That state habeas proceeding remained pending (and the start of the federal limitation period was tolled) through December 4, 2007, when the NMSC denied certiorari relief. *See Lawrence v.*

*Florida*, 549 U.S. 327, 332 (2007) (for purposes of tolling under § 2244(d)(2), state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review").

"The next day [December 5, 2007] statutory tolling ceased," and the "time for filing a federal habeas petition [*i.e.,* one year] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing habeas tolling calculations). The state docket reflects there was no additional tolling activity during the next year. The one-year limitation period therefore expired no later than December 5, 2008. Any post-conviction motions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[1] The Court also notes that, even if Petitioner could obtain tolling during the pendency of later habeas petitions, such tolling would not account for the fact that over a decade passed with no filings between 2012 and 2023.

The Court explained the above principles in its Screening Ruling, which set out the state court timeline along with the legal standards for statutory tolling and equitable tolling. *See* Doc. 3.

[1] The Supreme Court created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here. Although the NMSC remanded an ineffective assistance of counsel claim after the Amended Judgment became final, Petitioner ultimately did not prevail on that claim, and his direct appeal period was never reopened.

Petitioner's Response (Doc. 4) does not dispute the above state court timeline or calculation. Instead, he seeks equitable tolling and statutory tolling based on, inter alia, the lack of habeas counsel. The Court will address each type of tolling below.

**A. Equitable Tolling**

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (an inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition).

*(i) Extraordinary Circumstances*

Petitioner argues he was unable to timely file a habeas petition because: (1) his state counsel was ineffective; (2) he lacked habeas counsel; (3) English is his second language, and he was unable to file a *pro se* petition without educating himself on writing and the law; and (4) the law library has limited materials. *See* Doc. 4 at 1-2; Doc. 1 at 14.

As to ineffective assistance of state counsel, attorney "negligence is not generally a basis for equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). To obtain relief,

the petitioner must demonstrate an attorney's conduct constitutes "far more than … 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). For example, a "garden variety … miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id.* at 651-52. "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming*, 481 F.3d at 1255-56. On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010).

Petitioner does not allege any state attorney agreed to file a federal habeas petition or made fraudulent representations regarding such filing. At most, he alleges trial counsel should not have filed a state appeal, based on a conflict, and that state habeas counsel "ruined [his] chances of timely appeal by forgetting to contact me." Doc. 4 at 2. This conduct - which took place before 2012 - does not appear to relate to the filing of a federal habeas petition. *See Kraus v. Heimgartner*, 681 Fed. App'x 679, 683 (10th Cir. 2017) (alleged failure of counsel with respect to "*state* petition provides no excuse for [petitioner's] failure to meet the deadline for filing his *federal* habeas petition") (emphasis in original). To the extent Petitioner argues his state attorneys did not advise him of the federal limitation period, such circumstance does not warrant equitable tolling. *See Jones v. Romero*, 835 Fed. App'x 973, 978 (10th Cir. 2020) (declining to apply equitable tolling where petitioner did not receive advice on the federal statute of limitations).

"A petitioner's lack of legal knowledge or inability to afford a [federal habeas] attorney" also generally do "not merit equitable tolling." *Rojas-Marceleno v. Kansas*, 765 Fed. App'x 428, 433 (10th Cir. 2018). *See also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("It is well

established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 Fed. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his" lack of effective counsel "could excuse his failure to file a timely habeas petition."). Petitioner is therefore not entitled to tolling because he was unable to hire or attorney and was not initially aware of the federal limitation period.

To the extent Petitioner seeks to show extraordinary circumstances based on a language barrier, the Tenth Circuit has rejected this argument. In *Yang v. Archuleta*, 525 F.3d at 930, the habeas petitioner argued that "English is his second language" and he needed "assistance in understanding the legal process." The Tenth Circuit rejected this tolling argument, noting such circumstance is true for many *pro se* prisoners and does not qualify as an extraordinary occurrence. *Id.* The Tenth Circuit also noted that, like Petitioner, *Yang* was able to file state post-conviction motions despite the language barrier. *Id.* Petitioner therefore cannot obtain tolling based on the fact that English is his second language.

Construed liberally, the Petition also appears to argue that tolling applies because the law library is limited. Doc. 1 at 14. The Tenth Circuit has repeatedly held that the lack of access to legal materials is insufficient to warrant equitable tolling. *See United States v. Orecchio*, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022) ("the lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance."); *Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *Levering v. Dowling*, 721 Fed. App'x 783, 788 (10th Cir. 2018) (limited time in the law library is not an extraordinary circumstance justifying equitable tolling). To establish an extraordinary circumstance, "the inmate ... must go one step further and

demonstrate that the alleged shortcomings in the library" or in relation to lockdowns "hindered his efforts to pursue a legal claim." *United States v. Oakes*, 445 Fed. App'x 88, 94 (10th Cir. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Petitioner has not shown the limited law library actually "prevented him…from timely moving for relief" under 28 U.S.C. § 2254. *United States v. Tinsman*, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022) (addressing COVID-19 lockdowns and lack of legal access). And, even assuming the lack of materials caused some delay, Petitioner has not explained why he filed a federal petition nearly 15 years after expiration of the one-year period. Petitioner has therefore not demonstrated that extraordinary circumstances prevented him from filing a timely § 2254 petition.

*(ii) Due Diligence*

Alternatively, even if Petitioner could establish extraordinary circumstances, the Response does not show due diligence. *See Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (a habeas petitioner must show both extraordinary circumstances and that he "diligently pursue[d] his federal claims while those circumstances existed"). The Response focuses on each circumstance that allegedly hindered Petitioner ability to timely file a § 2254 petition. It fails to describe what particular steps (if any) Petitioner took to pursue his § 2254 claims during the one-year limitation period, *i.e.,* between 2007 and 2008. *See Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("what a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall"); *Phares v. Jones*, 470 Fed. App'x 718, 719–20 (10th Cir. 2012) (holding a combination of head injury, administrative segregation, and lockdown not sufficient to warrant equitable tolling where the petitioner offered "no evidence or allegation that he took action on his [federal] petition" before the limitations period

expired); *Williamson v. Wyo. Dep't of Corr. Wyo. State Penitentiary Warden*, 2025 WL 209880, at *7 (10th Cir. Jan. 16, 2025) (finding no due diligence where petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his [federal habeas] rights"). Petitioner has therefore failed to satisfy either prong of the equitable tolling test.

**B. Statutory Tolling**

In his Petition, Petitioner also seeks statutory tolling under 28 U.S.C. § 2244(d)(1)(D). Doc. 1 at 13-14. That section governs the belated discovery of facts. Under certain circumstances, the limitation period runs from "the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Petition states that "new facts and evidence brought forth during an evidentiary hearing held on September 17, 2010, which were never before brought forth or exhausted at the State level, prove that [Petitioner's] rights were violated due to ineffective assistance of counsel, denial of compulsory process, and denial of due process." Doc. 1 at 13-14.

This argument does not explain which facts Petitioner needed to pursue his federal claims or why they could not have been discovered sooner. However, even if Petitioner included that information, he cannot overcome the time-bar under § 2244(d)(1)(D). The Petition states he received the factual predicate for his claims on September 17, 2010, but he did not file within one year of that date. Petitioner filed the instant § 2254 Petition nearly 13 years later, on August 28, 2023. Relief is therefore not available under § 2244(d)(1)(D).

**C. Conclusion & Certificate of Appealability**

In sum, the Petition and Response fail to show an entitlement to equitable tolling or statutory tolling. The one-year limitation period expired no later than December 5, 2008, but even if the

Court accepted Petitioner's statutory tolling argument, the limitation would have expired no later than September 17, 2011. The § 2254 proceeding filed on August 28, 2023 is time-barred by more than a decade, under any calculation. The Court must dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Ruben Reyes' 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc**. **1**) is **DISMISSED** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED**.

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE